## MABEL E. MIDFORD

## APPEAL FROM PROBATE

Superior Court        Fairfield County        File #48565

Present:   Hon. FRANK P. McEVOY, Judge.

Julius N. Smith,                    Attorney for the Plaintiff.

Wilson & Mara,                    Attorneys for the Defendant.

### MEMORANDUM FILED FEBRUARY 21, 1936.

McEVOY, J.   Upon this appeal the appellant has two grievances.   The first is that the Probate Court refused to remove the executrix and the second is that the Probate Court refused to order that the executrix pay to the appellant a legacy to which she is entitled.

Upon the trial it appeared that the executrix had conferred with the Judge of Probate and that she was guided, to a certain extent, by his unofficial oral advice.

This sort of procedure places the Judge of Probate and the executrix in an equivocal position.

The record is also indefinite as to the exact proceedings surrounding certain transactions in which the executrix indulged.

She apparently was faced with a difficult situation in an attempt to rearrange security respecting a mortgage which was the property of the estate.

To what extent she relied upon the advice of the judge of probate in this connection is conjectural.

It does appear that she did confer with him but it does not appear that any definite orders were passed respecting this matter for her guidance or direction.

The same situation seems to apply to the non-payment of the legacy due to the appellant.

That it is due is undisputed.

That it is unpaid is likewise undisputed.

A claim against the appellant filed by the executrix seems to be one of the items which has caused discord among the contesting parties.

Upon the trial of this appeal an attempt was made to litigate that claim.

Obviously it was not properly before the Court and it might be that an attempt to litigate it at that time would have deprived someone of an opporunity to be heard.

This claim was set out in a supplemental inventory on a date much later than the original inventory.

The claim ought to be assigned for hearing and it ought to be disposed of in an orderly fashion.

To sustain the appeal would impose a hardship upon the executrix who seems to have acted in good faith and under difficult circumstances.

The appeallant seems to be entitled to payment of her legacy.

Doubtless, payment of the legacy will depend upon a rearrangement of the mortgage.

The probate court will, no doubt, assign these various matters for hearing, enter a written order respecting them and require the estate to be administered and closed within a reasonable time.

Upon the present state of the records the issues are found in favor of the appellee.

Judgment may be entered accordingly.